# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1255

_____

| | | |
|---|---|---|
| EFCO Corp., formerly known as Economy Forms Corporation; EFCO Canada Co. | * * * * | |
| Plaintiffs-Appellants, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Aluma Systems USA, Inc.; Aluma Systems, Corp., a subsidiary of Tridel Enterprises Inc.; Aluma Systems Canada, Inc., a subsidiary of Aluma Systems Corp. | * * * * * * | |
| Defendants-Appellees. | * | |

_____

Submitted:  September 10, 2001

Filed:  October 12, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, Circuit Judges, and KYLE,[*] District Judge.

_____

BRIGHT, Circuit Judge.

_____

[*]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

In this action, the plaintiffs ("EFCO"), a group of interrelated corporations with their headquarters in Des Moines, Iowa, sought injunctive relief and damages against the several defendants ("Aluma") for alleged misappropriation by Aluma of EFCO's confederated proprietary information. Prior to filing this action in the United States District Court for the Southern District of Iowa, EFCO sued Aluma in Canada for a variety of claims that substantially overlap with the claims asserted in this case. At EFCO's request, the Canadian suit was dismissed without prejudice. The defendants filed a motion to dismiss this case on the grounds of forum non conveniens. The district court granted the defendants' motion, and this appeal followed. We affirm the judgment of the district court.

A trial court has broad discretion in deciding a motion to dismiss based on forum non conveniens and that decision will be overturned only for abuse of discretion. Reid-Walen v. Hansen, 933 F.2d 1390, 1394 (8th Cir. 1991). Abuse of discretion occurs when the district court does not hold the defendants to their burden of persuasion on all the elements of the forum non conveniens analysis, fails to consider the relevant public and private interest factors established in Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981), or clearly errs in weighing the Piper Aircraft factors. Reid-Whalen, 933 F.2d at 1394.

We affirm on the basis of the district court's published opinion, EFCO Corp. v. Aluma Systems USA, Inc., 145 F. Supp. 2d 1040 (S.D. Iowa 2000), with these comments.

In its briefs and at oral argument, Aluma emphasized that on October 20, 2000, EFCO formally substituted EFCO Canada Company, a Nova Scotia corporation, as one of the two plaintiffs. Judge Pratt's opinion does not reflect this change in the identity of the plaintiffs. This change in plaintiffs does not affect Judge Pratt's ruling.

We note Judge Pratt's discussion that a court can discount the deference owed to plaintiff's choice of forum when the plaintiff does extensive business abroad. See

EFCO Corp., 145 F. Supp.2d at 1045-47.  Whether or not an American corporation which chooses an American forum for its lawsuit will have its choice of forum preference discounted because it does extensive business abroad, will often depend on the particular facts and circumstances of the case.

Finally, we highlight a number of factors significant in our decision to affirm the district court.  EFCO initially filed this case in Canada.  As Judge Pratt observed, "[B]y suing Aluma in Canada first EFCO indicates that Canada would not be completely inconvenient for it." EFCO Corp., 145 F. Supp.2d at 1047.  Furthermore, Aluma has agreed to accept service of process in Canada; the discovery conducted in the United States can be fully utilized in the Canadian litigation; and the Canadian action can be refiled without prejudice to EFCO.

For the foregoing reasons, we affirm the district court's dismissal on the grounds of forum non conveniens.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.